IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JACKIE LEE WILLIAMS, #702461 | § | |
| VS. | § | CIVIL ACTION NO. 6:05cv92 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Petitioner Jackie Lee Williams, an inmate confined in the Texas prison system, proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was transferred to the undersigned pursuant to 28 U.S.C. § 636(c).

The Petitioner is in the custody of the Texas prison system pursuant to four convictions. The following three convictions, which are the basis of the Court's jurisdiction, are from Wood County: Escape (Cause No. 13,195-91), Burglary of a Building (Cause No. 12,733) and Escape (Cause No. 14,202-94). He also has a Dallas County conviction for Burglary of a Building (Cause No. F91-60871-IQ). A Commitment Inquiry sheet submitted by the Director reveals that the Petitioner's holding conviction is the second Wood County Escape conviction, Cause No. 14,202-94. On March 2, 1995, he was sentenced to fifteen years imprisonment after pleading guilty. His maximum discharge date is currently June 1, 2013.

The petition for a writ of habeas corpus does not directly concern the Petitioner's various convictions; instead, he complained that he was denied "street time" credit for the time he spent on parole after his parole was revoked. He alleged that he is entitled to relief because he has been denied equal protection, due process and that there has been a violation of separation of powers. The Petitioner filed an application for a writ of habeas corpus in state court on September 17, 2004. The Texas Court of Criminal Appeals dismissed the application without written order on December 15, 2004, pursuant to Texas Government Code § 501.0081(b)-(c), which pertains to state administrative

1

procedures for obtaining relief before filing an application for a writ of habeas corpus in state court. The Director filed an answer on July 5, 2005. He argued that the petition is time-barred, that the Petitioner failed to exhaust his state remedies and that the petition lacks merit.

As an initial matter, the Court notes that the role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The first defense raised by the Director is the statute of limitations. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. The law made several changes to the federal habeas corpus statutes, including the addition of a one year statute of limitations. 28 U.S.C. § 2244(d)(1). The AEPDA provides that the one year limitations period shall run from the latest of four possible situations. Section 2244(d)(1)(A) specifies that the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. Section 2244(d)(1)(B) specifies that the limitations period shall run from the date an impediment to filing created by the State is removed. Section 2244(d)(1)(C) specifies that the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Section 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Section 2244(d)(2) also provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

counted toward any period of limitation. The Fifth Circuit discussed the approach that should be taken in applying the one year statute of limitations in *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998) and *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998).

The last provision, § 2244(d)(1)(D), is the appropriate provision to apply in the present case. The facts of the case reveal that the Petitioner was paroled on July 7, 1999. His parole was revoked on April 30, 2003. He returned to the Texas prison system on May 29, 2003. At that time, he was given credit to the time he was back in custody to February 3, 2003. He was denied HB 1649 credit for "street time" due to not reaching mid-point calculations. On June 26, 2003, he filed a time credit dispute resolution form. He received a reply that there was no error on February 19, 2004.

The factual predicate for when the Petitioner's claims could have been discovered through the exercise of due diligence was on May 29, 2003. The present petition was due no later than May 29, 2004, in the absence of tolling provisions. It was not filed until March 14, 2005. The Petitioner had a collateral administrative review proceeding pending from June 26, 2003 to February 19, 2004, which was 238 days. He also had a state application pending from September 17, 2004 to December 15, 2004, which was 89 days. The two periods of time add up to 327 days. The deadline for the present petition to be filed was thus tolled 327 days to April 21, 2005. The present petition was filed before then on March 14, 2005. The petition was timely filed. The Director's argument that the petition is time-barred lacks merit.

The Director also argued that the petition should be dismissed for failure to exhaust administrative remedies. The Texas Court of Criminal Appeals dismissed the state application pursuant to § 501.0081 (b)-(c) of the Texas Government Code, which means that the Petitioner had not met the criteria for bringing an application in that he failed to allege in his state application that he had obtained a response from his administrative dispute resolution or that it had been over 180 days since he had submitted his dispute resolution request. The Petitioner merely stated that he had filed an administrative dispute and had not received a response. *See Ex parte Williams,* Application No. 60,569-01, page 5. It is noted that the Texas Court of Criminal Appeals uses the term "denied"

as an adjudication on the merits, while a "dismissal" means the application was declined on other grounds. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).  Since the Petitioner's state application was dismissed, as opposed to denied, he had the opportunity to correct the problem with the application and file a new one.  He failed to do so.

A state prisoner must exhaust all remedies available in state court before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights.  28 U.S.C. § 2254(b) & (c).  In order to exhaust properly, he must "fairly present" all of his claims to the state court.  *Picard v. Connor*, 404 U.S. 270 (1981).  In Texas, all claims must be presented to and ruled on by the Texas Court of Criminal Appeals.  *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985);  *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993).  The Petitioner has not exhausted his habeas corpus remedies.  He has not "fairly presented" his claims to the highest state court.  The Texas Court of Criminal Appeals has not had the opportunity to consider the merits of his claim.  The petition must be dismissed due to the failure to exhaust.

Finally, the Director argued that the petition should be denied because it lacks merit.  A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence.  *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).  The Fifth Circuit has firmly established that there is no federal constitutional right to the reduction of the sentence of a parole violator for time spent on parole or mandatory supervision.  *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996);  *Betts v. Beto*, 424 F.2d 1299, 1300 (5th Cir. 1970).  Despite federal case law holding that Texas inmates are not entitled to receive credit for street time, Texas law provides for the possibility of some inmates receiving credit for street time.  The Petitioner, however, was not entitled to receive street time under HB 1649 because he had not reached the mid-point calculation.  *See* Tex. Gov't Code Ann. § 508.283(c) (Vernon Supp. 2002).  Stated differently, certain parole violators will receive street time credit if the remaining portion of their sentence is less than the amount of time they have spent out on parole.  *Ex parte Spann*, 132

S.W.2d 390, 392 (Tex. Crim. App. 2004). This Court must defer to the word of the highest court on criminal matters in Texas as to the interpretation of its laws. *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002). The Petitioner had over nine years remaining on his sentence when he was paroled. He was out of custody 3 years, 6 months and 26 days. He had not reached the mid-point calculation for the time remaining on his sentence. He was not entitled to street time credit under Texas law. Consequently, the petition lacks merit and should be denied. It is accordingly

**ORDERED** that the above-styled petition for writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. It is further

**ORDERED** that all motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **19** day of **September, 2005.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE